UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| 7677 East Berry Associates, L.P. et al. | ) Case No. 09-27906, 09-27904, 09-28000 |
| | ) |
| | ) Jointly Administered Under |
| Debtors. | ) Case No. 09-28000 MER |
| | ) |
| | ) Chapter 11 |

## OBJECTION TO MOTION FOR APPROVAL OF FORBEARANCE AND MODIFICATION AGREEMENT FOR DEBTOR-IN-POSSESSION LOAN

Goldsmith Gulch Sanitation District, a quasi-municipal corporation and political subdivision of the State of Colorado (the "**District**"), hereby objects to the *Debtor's Motion for Approval of Forbearance and Modification Agreement for Debtor-in-Possession Loan* (the "**Motion**") and, in support, states as follows:

1. The District is a special district organized under Title 32 of the Colorado Revised Statutes to provide sanitation services within its boundaries. 7677 East Berry Avenue Associates, L.P. (the "**Debtor**") owns real property within the District's boundaries.

2. On December 6, 2007, the District entered into an agreement with the Debtor under which the District constructed facilities to allow it to provide sanitation services for the Debtor's real estate development. The Debtor failed to pay the District, and now owes the District $471,784.91 plus postpetition interest, attorneys' fees and costs.

3. The District's claim is secured by all real property of the Debtor pursuant to: (i) the agreement between the District and the Debtor; (ii) C.R.S. 32-1-1001(1)(j)(I); and (iii) the October 29, 2009 Order[1] approving the Debtor's post-petition financing from Hypo Real Estate Capital Corporation ("**DIP Loan Order**").

---

[1] Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1) Approving Postpetition Financing, (2) Authorizing Use of Cash Collateral, (3) Granting Liens and Providing Superpriority Administrative Expense Status, (4) Granting Adequate Protection, and (5) Modifying the Automatic Stay (Docket No. 232). The Final Order authorized the Debtor to enter into the Debtor-in-Possession Loan and Security Agreement dated as of November 30, 2009, a copy of which was filed at Docket No. 272 ("**DIP Agreement**").

4. The DIP Loan Order states, in relevant part, in ¶24:

> Notwithstanding anything in this Final Order or the DIP Agreement to the contrary, in the event that an Event of Default has occurred, there shall be no sale of property encumbered by the statutory lien of Goldsmith Gulch Sanitation District (whether such sale is by foreclosure, receivership, deed in lieu, or sale pursuant to section 363 of the Bankruptcy Code) unless either (a) such sale is subject to such lien, or (b) the statutory lien of the District is paid in cash.

5. It is undisputed that an "Event of Default" has occurred under the DIP Agreement and DIP Loan Order. Thus, there can now be no sale of property encumbered by the statutory lien of the District unless either the sale is subject to the District's lien, or the District is paid its statutory lien in cash.

6. The Debtor has on-going sales of property encumbered by the District's statutory lien, including a closing contemplated for June 21, 2010, the proceeds of which would likely satisfy the District's lien, in full.

7. The adequate protection provided to the District in ¶24 of the DIP Loan Order is clear. It needs no interpretation. Nevertheless, the Debtor and Hypo attempt to negate rights the District bargained for in order to protect the District's taxpayers and ratepayers. They posit that the Debtor's property will continue to be sold with proceeds swept, solely, to Hypo.

**A. The Forbearance Agreement should not be approved unless it is modified and conditioned on the District's rights in ¶24 of the DIP Loan Order.**

8. The Forbearance Agreement contains broad provisions contrary to and inconsistent with the District's rights under the DIP Loan Order, including the following:

    a. <u>Sales of property</u>. As set forth in ¶24 of the DIP Loan Order, due to the occurrence of the Event of Default, any sale of property must now be either subject to the District's lien, or the District's lien must be paid in cash. The Forbearance Agreement, instead, provides Hypo with broad authority to sell the District's collateral not expressly subject to the DIP Loan Order. Section 3.3 states, in part, "Borrower hereby authorizes Agent on and after the Termination Date, pursuant to 11 U.S.C. §363, to cause the sale of any or all of the Collateral, acting in the name of Borrower, and in connection with any such sale, (i) to file with the Court, on Borrower's behalf, one or more motions: … (c) for approval of the sale of all or any portion of the Collateral, upon terms and conditions acceptable to Agent … (ii) to take such other actions, whether in the name of Borrower or otherwise, to cause the

sale or transfer of all or any portion of the Collateral at such times and on such terms as Agent shall determine in its sole and absolute discretion."

b. <u>Budget</u>. The Motion states in ¶14 that, under the Forbearance Agreement, "Hypo and the Debtor" agree to a new DIP Budget, which was to be attached to the Forbearance Agreement as Exhibit IV[2]. Section 3.4 of the Forbearance Agreement states that the revised budget will be approved by "Agent [Hypo] and the chief restructuring officer [CRO]". Section 6.1 of the Forbearance Agreement states that Exhibit IV to the DIP Loan Agreement (the Approved DIP Budget) "is hereby deleted in its entirety" and a new Exhibit IV to be agreed to as set forth in Section 3.4 (i.e., by Hypo and the CRO) "is substituted in place thereof". In addition, Section 5.3 of the Forbearance Agreement states that the Debtor "hereby delegates" to a CRO with "full and complete right, power and authority to ...make decisions with respect to ... (d) the Approved DIP Budget and any other budgets ..." The District objects to any unilateral approval and/or implementation of budgets by Hypo and/or any CRO unless and without (i) advance notice of the budget to the District, and (ii) opportunity for the District to object to the budget in the event it contains provisions inconsistent with ¶24 of the DIP Loan Order[3].

9. Neither the Forbearance Agreement nor the form of proposed Order tendered to the Court state that the District's rights under ¶24 of the DIP Loan Order shall be unaffected.

10. The District does not consent to any alteration or amendment to the DIP Loan Order insofar as it affects the adequate protection afforded to the District in ¶24.

**B.     <u>Other terms of the Forbearance Agreement should not be approved.</u>**

11. The District objects to the release which would be granted to Hypo under Article 7 of the Forbearance Agreement. The Debtor has made no disclosure regarding the potential release other than the statement in ¶18 of the Motion that it "likely" has no claim against Hypo. In addition, while the release purports to be of claims "existing on or prior to the date of" the Forbearance Agreement, the language of the release is internally inconsistent because it provides for a release of claims "whether now existing or hereafter arising". It also includes a release of "any claims or causes of action arising out of the actions or omissions of any CRO" which, by definition, is of unknown future claims. The Debtor has not provided any justification for the actual terms of the release, and the District knows of none. The release is especially problematic given the Debtor's extraordinary intended delegation of duties and powers to the CRO.

---

[2] The budget is not, in fact, attached to the Motion, which renders the Motion incomplete.
[3] The budget could be inconsistent with ¶24 of the DIP Loan Order by, for example, directing that all proceeds from sales of property be remitted to Hypo.

12. The District objects to provisions of the Forbearance Agreement which appear to pre-determine the appointment of and expansive role of a CRO. A separate motion and notice regarding Hypo's and the Debtor's proposals for a CRO was to have been filed and served on June 3, 2010. It was not. The District reserves any and all objections to the CRO. The objectionable provisions of the Forbearance Agreement regarding the CRO include the following: Section 5.3 of the Forbearance Agreement states that the Debtor "hereby delegates to such CRO". The agreement and the Order approving it should provide that in the event the CRO is approved by the Court, the Debtor "shall" delegate to the CRO.

13. The District objects to the form of the proposed Order filed by the Debtor with the Motion. It confirms understandings and agreements between the Prepetition Lenders which have not been disclosed to parties in interest and which are not mentioned in the Motion or Forbearance Agreement. It also references a lawsuit against Hypo in the Southern District of New York which has also not been disclosed to creditors and which is not mentioned in the Motion or Forbearance Agreement.

WHEREFORE, the District requests that the Motion be denied, and for such other and further relief as may be just.

Dated: June 4, 2010  PEARLMAN & DALTON, P.C.

by: /s/ Virginia M. Dalton
Virginia M. Dalton, #12437
1775 Sherman Street, Suite 2000
Denver, Colorado 80203
Ph.: (303) 572-3000
Fax: (303) 572-7533
E-mail: vmdalton@pearlmandalton.com
ATTORNEYS FOR GOLDSMITH GULCH SANITATION DISTRICT

## Certificate of Service

The undersigned certifies that on June 4, 2010, I served by prepaid first class mail a copy of the **OBJECTION TO MOTION FOR APPROVAL OF FORBEARANCE AND MODIFICATION AGREEMENT FOR DEBTOR-IN-POSSESSION LOAN** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and L.B.R. at the following addresses:

Alan K. Motes
United States Trustee
999 18th Street, #1551
Denver, CO  80202

Michael Pankow, Daniel Garfield
Amy Benson, and Neil Oberfeld
Brownstein Hyatt et al
410 17th St., Ste. 2200
Denver, CO 80202

7677 East Berry Avenue Associates LP
585 South FM 1138
Nevada, TX 75173

7677 East Berry Avenue Associates LP
5500 Greenwood Plaza Blvd., Ste. 230
Greenwood Village, CO 80111

Jody Harper Alderman
450 E. 17th Ave., Ste. 400
Denver, CO 80203

J. David Arkell
Bradford Dempsey
1700 Lincoln St., Ste. 3200
Denver, CO 80203

Lydia Atkins
Peter Cal
633 17th St., Ste. 3000
Denver, CO 80202

Thomas C. Bell
1550 17th St., Ste. 500
Denver, CO 80202

Joyce M. Bergmann
4750 Table Mesa Drive
Boulder, CO 80305

Kenneth J. Beuchler
Beuchler Law Office, LLC
1828 Clarkson St., Ste. 200
Denver, CO 80218

Wm. David Byassee
1099 18th St., Ste. 2150
Denver, CO 80202

Mark Changaris
Richard Greenleaf
1712 Pearl St.
Boulder, Co 80303

Jeffrey L. Cohen
Ronald Sussman
1114 Avenue of the Americas
NY, NY 10036

Neal K. Dunning
2000 S. Colorado Blvd., Ste. 700
Tower II
Denver, CO 80222

Gilbert R. Egle
Ellen McNamara
1401 17th St., Ste. 800
Denver, CO 80202

5

Leslie B. Greer
C. Michael Sunoo
3555 S. Sherman St., Ste. 8
Englewood, CO 80113

Lee M. Kutner
Heather Schell
303 E. 17th Ave., Ste. 500
Denver, CO 80203

Jeffrey Lippa
1200 17th St., Ste. 2400
Denver, CO 80202

John G. Lubitz
370 17th St., Ste. 4400
Denver, CO 80202

James E. Nesland
14252 E. Caley Ave.
Aurora, CO 80016

Edward T. Ramey
1001 17th St., Ste. 1800
Denver, CO 80202

George Rosenberg
5334 S. Prince St.
Littleton, CO 80166

Brianna L. Schaefer
Loura K. Sanchez
5610 Ward Rd., Ste. 300
Arvada, CO 80002

Thomas Seawell
1125 17th St., Ste. 2100
Denver, CO 80202

Jack L. Smith
Holland & Hart
PO Box 8749
Denver, CO 80201

Jeffrey A. Smith
380 Interlocken Crescent, Ste. 900
Broomfield, CO 80021

Max Stich
5445 DTC Pkwy., Ste. 800
Greenwood Village, CO 80111

Michael D. Warner
Jeffrey Resler
301 Commerce St., Ste. 1700
Ft. Worth, TX 76102

Risa Wolf Smith
555 17th St., Ste. 3200
Denver, CO 80201

Jennifer M. Osgood, Esq.
BURNS, FIGA & WILL, P.C.
Plaza Tower One, Suite 1000
6400 South Fiddlers Green Circle
Greenwood Village, CO 80111

Holly Shilliday
Scott Sandberg
Brian Gaffney
Snell & Wilmer, LLP
1200 17th St., Ste. 1900
Tabor Center
Denver, CO 80202

Terry Ehrlich
7691 Shaffer Pkwy., Ste. A
Littleton, CO 80127

Giovanni M. Ruscitti
1712 Pearl St.
Boulder, CO 80302

Dan Wennogle
818 Colorado Ave.
P.O. Box 790
Glenwood Springs, CO 81602

| | |
|---|---|
| Wm. David Lytle<br>Altman, Kielbach, Lytle et al.<br>229 Colorado Avenue<br>Pueblo, CO 81004 | R. Scott Fitzke<br>4 Inverness Court East, Suite 100<br>Englewood, CO 80112 |
| Elizabeth K. Flaagan<br>Faegre & Benson LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO 80203 | John Berman<br>1660 Lincoln St., Ste. 1750<br>Denver, CO 80264 |
| Joel Laufer<br>Laufer & Padjen, LLC<br>5290 DTC Pkwy., Ste. 150<br>Englewood, CO 80111 | Lesley A. Kroupa<br>Cooley Godward Kronish<br>1114 Avenue of the Americas<br>NY, NY 10036 |

Dated: June 4, 2010    By: /s/Chanda M. Szot